### Ex Parte W. F. Kimbrell.

#### No. 3014.   Decided November 23, 1904.

**1.—Stock Law—Class of Animals Must be Stated—Petitions Variant.**

Where as many as eighteen petitions were presented to the commissioners court calling for an election whether live stock should continue to run at large, but did not clearly set forth the class or classes of animals petitioners desired should not run at large in said county, but varied and were contradictory as to such class of animals, the election held thereon was invalid.

**2.—Same—Notice of Election—Stock-Law Controls.**

The general election law, section 42, known as the Terrell Election Law, provides for twenty days notice of a general or special election, while the stock law provides for a notice of thirty days of an election to determine whether certain live stock shall continue to run at large, and an election to determine this question was held under said Section 42 and three weeks' notice of such election given.   Held that the proper notice was not given, and that the provisions of the stock-law should have been followed and thirty days' notice of such election should have been given.

**3.—Same—Conflict of Election Laws Not Irreconcilable.**

The stock law being local in its application must govern the general law with reference to giving notice of an election; and the two laws are independent of each other and do not so conflict that one would repeal the other by implication, nor so contradictory that they are irreconcilable.

From Kaufman County.

Original application for habeas corpus for release from commitment upon an arrest for a violation of the stock-law in said county.

The opinion states the case.

No brief of relator has reached the hands of the reporter.

*Howard Martin,* Assistant Attorney-General, and *J. S. Wood,* County Attorney, for the State.—On the legal sufficiency of the petitions upon which the election was ordered:   Graves v. Rudd, 3 Texas Ct. Rep., 339; Kirkland v. Box, 2 Id., 338; Ex parte Lynn, 19 Texas Crim. App., 293; Acts Twenty-sixth Leg. 220.   On the legal sufficiency of notice of said election:   Sections 42 and 43 Acts 1901 p. 141–2; Took v. Newman, 75 Ill., 219; Craig v. Fox, 16 Ohio, 563; Whitaker v. Leach, 12 Kan., 492; Dishon v. Smith, 10 Iowa, 212; Am. & Eng. Ency. of Law, Vol. 16, p. 819.

DAVIDSON, PRESIDING JUDGE.—Relator was arrested, charged with violating the local option stock law. The facts show that a local option stock law election was held for the entire county of Kaufman. The certificate of the clerk shows that there were as many as eighteen petitions presented from the different portions of the county. Some of these called for an election "to determine whether such stock, as cattle, horses, mules, etc., shall continue to run at large or whether should be restrained." Three of them petition the court to order an election "to decide whether the general stock law shall become effective in Kaufman County." Four of them request the election to be held to determine "whether such stock, as horses, cattle, jennets, etc., shall continue to run at large," etc. It is left uncertain, whether the law was complied with, which required that the names of twelve freeholders from each justice precinct should be signed to the petition; but the judgment recites that this portion of the law was complied with, and there is no contest over that phase of it. So we take it for granted that the judgment of the court is correct in this respect, and such presumption will be indulged.

The petition is attacked, as being insufficient in designating the class or classes of stock sought to be voted out. As will be seen from the above statement of the case, three of the petitions fail to specify any "class" but call for an election under the general law, without specifying whether it was to prevent horses, cattle, mules, jacks and jennets from running at large, or whether it was for the prevention of the running at large of hogs, sheep and goats. Section 3 of the act of the 26th Legislature provides, as follows: "Such petition shall set forth clearly the class or classes of animals enumerated in the preceding article which the petitioners desire shall not run at large in such county or subdivision as the case may be," etc. The section or article referred to authorizes the voting by the freeholders of the county or subdivision to determine whether horses, mules, jacks, jennets or cattle shall be prohibited from running at large in the county or subdivision. The election was ordered for all of the named animals specified above. In none of them was the word "jacks" mentioned; in some of them "jennets" were not mentioned; in some of them "cattle" were not mentioned. The order of the court covered all the classes. In order to comply with this law, section 3, above quoted, the petition must set forth clearly, the "class or classes," and no legal election can be held until this section has been complied with. It will be observed that under this law, no election can be ordered by the commissioners' court of its own motion; it must be upon petition, such as is mentioned in the statute. In this respect this local option law is variant from the local option law in regard to intoxicating liquors, for under that law, the commissioners' court is authorized to order it of their own volition. In the early life of the local option law in regard to intoxicating liquor, a petition was requisite as a predicate for ordering the election. Under that law, a local option election could not have been held to prohibit the sale of intoxicants without a petition.

Later on, that law was amended, so as to authorize the commissioners court to order it in their discretion. But this is not so under the stock-law. So, we hold that this election under discussion is invalid, because the order is not in accordance with the petitions, and because the petitions are so variant and contradictory, that they do not comply with the law in regard to specifying the class or classes.

There is another question suggested. The election was held under the act of the 28th Legislature, known as the "Terrell Election Law"; that is, the notice of the election was published three weeks, in a newspaper. There was no posting of notices. Under this stock law, in regard to horses, mules, jacks, jennets and cattle, section 5 provides: "Immediately after the passage of an order for an election by the commissioners court, the county judge shall issue an order for such election, and cause public notice thereof to be given for at least thirty days before the day of election, by publication of the order therefor in some newspaper published in the county, if there be one; if no newspaper be published in the county, then by posting copies of such orders at the courthouse door, and at some public place in each justice precinct, if the election be ordered for the whole county, or at three public places in the subdivision if the election be ordered for a subdivision." This was a county election. The notice was published three weeks, not thirty days as required by law. The Terrell Election Law, section 42, provides: "The county judge, or if he fails to, then the commissioners shall cause notice of a general election and of a special election to be published in a newspaper of the county, if there be one; if not, by posting notice of election at each precinct, twenty days before the election," etc. The notice was published in accordance with section 42 of the Terrell Election Law. The question is, which law shall govern in regard to notices; whether the notice set out in the law with reference to local option elections for stock, or the provisions of the general election law, known as the "Terrell Election Law." We are of the opinion that the notice shall be given in accordance with the act of the 26th Legislature in regard to holding local option elections to prevent stock running at large. While this stock law may be said in one sense to be a general law, that can be adopted by any or all of the counties or subdivisions of a county mentioned in the act, yet its application is local and special. There is no way of avoiding the conclusion, that the provisions of the stock law governs, unless it be that the Terrell Election Law repeals the special law in regard to notice. It is too well settled for discussion, that repeals by implication are not favored, and contradictions between two laws must be irreconcilable, before one will be held to repeal the other, under the doctrine of repeal by implication. This is the rule where the laws are of the same character of legislation, such as are general in their nature. But when we approach the question of a clash or conflict between general and special laws, the rule is still more rigid. The question of a conflict between the general election law and the laws in regard to posting or giving notice in local option law to prohibit the sale of intoxicants, came before the Court of Civil Appeals

for revision and discussion in Voss v. Terrell, 34 S. W. Rep., 170. Judge Stephens, delivering the opinion of the majority, held the general law did not repeal the special law, and that in ordering these elections, the provisions of the special or local option law would be followed; that there was really and in fact no conflict. The question was before this court in Shields v. State, 38 Texas Crim. Rep., 252, where this language was used: "It is contended by appellant that the notice of the election must be posted in each voting precinct in the county, and he refers us to the acts of the 22nd Legislature, page 13, regulating special elections. This act has no reference to local option elections. We have a special provision in regard to local option elections, which is, that the five notices must be issued and posted in the territory to be affected. See arts. 3387 Rev. Civ. Stats. 1895. We hold that these two statutes are independent of each other; that the statute of 1891 was made to regulate special elections generally, with reference to notice, while local option elections are regulated by the statute passed for that purpose." The opinion quoted was in regard to the local option election prohibiting the sale of intoxicants; but the character of the two laws are practically the same. The two laws, that is, the one under discussion and the one prohibiting the sale of intoxicating liquors are of the same character; that is, they are both local option laws, and are governed by the same rules of construction, and in both, in order to obtain the election or put the law in force, the provisions of the acts of the legislature in reference to the one sought to be put into operation must be followed to the exclusion of the general law. This, so far as we are aware is the rule of almost, if not universal application.

Again, this is a special law in the comprehensive sense as distinguished from those acts of the legislature which operate generally, and in cases of this sort, the special law is not affected or repealed by the provisions of the general law, unless specially mentioned in the general law, or it was manifestly the intention of the Legislature to repeal the special law It seems to be a well settled rule in construing statutes, that a general law will not be held to repeal particular or special laws upon the same subject, unless it clearly appears that such was the legislative intent. Ellis v. Betts, 26 Texas, 703; State v. Connor, 86 Texas, 133. So, we hold that the point is well taken, that the proper notice was not given, and that in ordering the election for the stock law, the provisions of that act must be followed in putting it into operation, and not those of the general law, and notice should have been given for the requisite thirty days. The detention of relator is illegal, and his discharge is ordered.

*Relator discharged.*