## L. C. CLARK ET AL. v. L. L. HARDISON, COUNTY ATTORNEY.

### Decided November 18, 1905.

**1.—Elections—Ballots—Signature of Judge.**

Section 72 of the Terrell Election Law (Acts 1903, p. 147), providing that the election officers shall count no ballots that do not bear the signature of the presiding judge of the election, or if on examination such signature is found to be a forgery, is mandatory, and ballots not so indorsed by the judge are nullities.

**2.—Same—Indorsement After Ballot Delivered.**

The fact that the presiding judge indorses a ballot after he has handed it to the voter and the latter has returned it to the judge, does not invalidate the ballot and is not ground for contesting the election.

**3.—Same—Directory Provisions.**

A failure to observe the directory provisions of the election law will not, in the absence of fraud, nullify an election which shows a fair and honest expression of the elector's will.

Appeal from the District Court of Lamar. Tried below before Hon. T. D. Montrose.

*Moore, Park & Birmingham* and *Burdett & Connor,* for appellants.— No ballot should have been counted on the blank side of which the presiding judge of election had not written his signature previous to delivering it to the voter; and no ballot should have been counted, on the blank side of which said presiding judge wrote his signature after he received it from the voter to be deposited in the ballot box. Acts 1903, pp. 133-158, and especially secs. 54, 58, 63, 64, 65, 68, 72; State v.

Connor, 86 Texas, 133; McKay v. Minner, 55 S. W. Rep., 866; Rhodes v. Driver, 64 S. W. Rep., 272; State v. Russell, 34 Neb., 116, 33 Am. St. Rep., 165, 51 N. W. Rep., 465; Maulk v. Brown, 59 Neb., 382, 81 N. W. Rep., 313; Orr v. Bailey, 59 Neb., 128, 80 N. W. Rep., 495; Lorin v. Seitz, 8 N. D., 404, 79 N. W. Rep., 869; Miller v. Schallern, 8 N. D., 395, 79 N. W. Rep., 865; Slaymaker v. Phillips, 5 Wyo., 453, 40 Pac. Rep., 971; 42 Pac. Rep., 1049; Perkins v. Bertrand, 192 Ill., 58, 61 N. E. Rep., 405; Caldwell v. McElvain, 184 Ill., 552, 56 N. E. Rep., 1012; Kelly v. Adams, 183 Ill., 193, 55 N. E. Rep., 837; Kelso v. Wright, 110 Iowa, 560, 81 N. W. Rep., 560; Coulehan v. White, 95 Md., 703, 53 Atl. Rep., 786.

*Sturgeon & Moore, Wm. Hodges* and *T. W. Carlock,* for appellee.— The writing of the presiding judge's signature upon the back of the ballots after the ballots had been delivered by the voters to the receiving judge of the election to be placed in the ballot box, is not of itself sufficient to vitiate the election nor to render such ballots invalid. King v. State, 70 S. W. Rep., 1019; Fowler v. State, 68 Texas, 35, 3 S. W. Rep., 255; Ex Parte Towles, 48 Texas, 413; Truehart v. Addicks, 2 Texas, 217; Snead v. State, 40 Texas Crim. Rep., 263; Owen v. State, 64 Texas, 509; State v. Phillips, 63 Texas, 393; Hanscom v. Lockhart, 31 S. W. Rep., 548; Roper v. Scurlock, 69 S. W. Rep., 456; Anderson v. Likens (Ky.), 47 S. W. Rep., 869; Bates v. Crumbaugh, 71 S. W. Rep., 75; Bailey v. Hurst, 68 S. W. Rep., 867; State v. Gay, 59 Minn., 6, 60 N. W. Rep., 676; Moyer v. Van de Vanter, 12 Wash, 377, 41 Pac. Rep. 60; Bowers v. Smith, 20 S. W. Rep., 101; Kellogg v. Hickman, 12 Colo., 256; Atkinson v. Lorbeer, 111 Cal., 419; Am. & Eng. Ency. Law, 2d ed., pp. 670, 690, 766.

RAINEY, Chief Justice.—This action was instituted by appellants to contest an election held in Lamar County on August 27, 1904, to determine whether or not the sale of intoxicating liquors should be prohibited in said county. Among the grounds of contest it was alleged that, "Contestants aver that none of the ballots counted by said judges and clerks of election have the signature of the presiding judge of said election endorsed on the blank side thereof, and that none of said ballots should have been counted. Contestants further aver, that if it should appear from an inspection of the ballots contained in the boxes used at said election, that the ballots do bear the signature of the presiding judge of said election, then they say that the signature of said presiding judge was written on said ballots after said ballots had been delivered by the voters to the receiving judge to be placed in the ballot box."

Special exceptions were sustained to these allegations, which ruling was properly excepted to. A trial was had resulting in a judgment against contestants.

There is no statement of facts or conclusions of fact and law of the court in the record, and the only assignments presented relate to the action of the court in sustaining exceptions to the allegations above mentioned. While the assignments so relate, the appellants concede in their brief that the court ruled "in passing on the exceptions, that if, at the time of trial, any ballot should be found in the ballot boxes which did

not bear the name of the presiding judge endorsed on the blank side of it, then such ballot should not be counted; and for that reason he overruled all of the exceptions that called in question the legal sufficiency of the positive allegation that all the ballots in the boxes complained of did not so contain the name of the presiding judge." And in the oral argument before this court counsel, as we understand, based his proposition on this version of the court's ruling. We will so treat the case on this version of the ruling, and presume that on the trial of the cause the court permitted no ballot that did not bear the signature of the presiding judge to be counted.

Article 72 of the Terrell Election Law (Acts Legislature, 1903, p. 147) provides that the election officers "shall count no ballots that do not bear his (presiding judge's) signature, or if, on examination by the judges, such signature is found to be a forgery." This provision is mandatory, and under the decision in State v. Connor, 86 Texas, 133, we hold that the election officers whose duty it is to count votes should not count ballots not so endorsed by the presiding judge, as such ballots would be nullities. The Legislature had the authority to enact such provision, and, being mandatory, it should be observed. (Connor Case, supra.) But is said provision mandatory as to ballots not endorsed by the judge before handing them to the voter, as provided in section 61 of said Act, but endorsed after being returned by the voter and placed in the ballot box by such judge? We think not. The counting officers are not given authority to inquire into the action of the judge in endorsing the ballots, if he did so endorse them, further than to see if the signature is a forgery, and if so the ballots should be rejected.

Election laws are enacted for the purpose of ascertaining the will of the electors, and the failure to observe the directory provision of the law will not nullify an election if it shows a fair and honest expression of the electors' will. If, however, by the failure to observe such provision there is no fair expression of the voters' will, or if any fraud is shown to exist in conducting the election, then the failure of such observance becomes material. There is no charge of fraud, or that the result of the election in this case does not reflect the honest sentiment and convictions of those voting at said election. The proposition urged is that the mere fact that the judge endorsed the ballots after being handed to the voter and returned by the voter to the judge to be placed in the ballot box, is sufficient to annul such votes. There is no allegation that the judge endorsed and placed in the ballot box ballots other than those delivered by him to the voter and returned to him by the voter, and which said voter desired to cast. So the allegation that ballots delivered to the voter were endorsed by the presiding judge after being returned to him by the voter presents no ground for contest—such procedure being an irregularity, in the absence of fraud, that will not defeat the election.

The judgment is affirmed.

*Affirmed.*