GALLAGHER v. CHURCH.

(Court of Civil Appeals of Texas. San Antonio. Dec. 20, 1911. Rehearing Denied Jan. 17, 1912.)

ELECTIONS (§ 227*)—PREPARATION OF BALLOT—DIRECTORY PROVISIONS.

Under the election law of 1905 (Laws 1905, 1st Called Sess. c. 11) § 74, requiring a voter to fold his ballot so as to expose the signature of the judge and hand it to the judge who shall number it and write thereon the number opposite the voter's name, and stamp or write it with the word "voted" and deposit it in the ballot box, the requirement as to the placing of the word "voted" is directory only, and if the other requirements are complied with, the omission of that word does not invalidate the ballot.

[Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 197–199; Dec. Dig. § 227.*]

Appeal from District Court, Bexar County; J. L. Camp, Judge.

Action by J. Frank Gallagher against F. W. Church. From a judgment for defendant, plaintiff appeals. Affirmed.

Newton & Ward and Wallace H. Newton, for appellant. Houston, Boyle, Storey & Davis, for appellee.

JAMES, C. J. This is an election contest by appellant against Church, contesting his election to the office of city treasurer of San Antonio on May 9, 1911. The matter was tried by the court with judgment for appellee.

The case, as presented here, involves but one question, which is whether or not, under the provisions of the election law of 1905 (Laws 1905, 1st Called Sess. c. 11) ballots placed in the boxes without being stamped "voted," but otherwise regular, are void, it appearing that if they were void, the result would have been different.

. Section 74 of the act provides: "When a citizen shall have prepared his ballot he shall fold the same so as to conceal the printing thereon and so as to expose the signature of the presiding judge on the blank side, which shall always be endorsed by the judge before the ballot is delivered, and shall, after leaving the booth, hand to the numbering judge his ballot, who shall number the same. If the judges are satisfied that the ballot returned is the one delivered to the voter the numbering judge shall number the ballot, writing on the blank side the number opposite the voter's name on the voting list and shall stamp or write the same with the word 'voted' and deposit the ballot in the ballot box. The letter 'V' shall at the same time be marked by one of the clerks on the certified list or supplemental list of qualified voters opposite the voter's name thereon, and the voter shall immediately leave the polling place."

The only failure in the observance of the above requirements appears to have been the failure of the numbering judges of the respective polling places in question to stamp or write the word "voted" on the ballots in question before depositing same in the boxes. Did this omission invalidate the votes? There is nothing in the act declaring such to be the effect of the omission.

In the opinion in the case of State of Texas v. Connor, cited by appellant (86 Tex. 142, 23 S. W. 1103), it was declared to be unnecessary to consider the difference between directory and mandatory statutes relating to elections, there being in that case a positive enactment forbidding the counting of the vote on account of the matter involved. In the statute applicable to the present case the Legislature has not attached to the omission to mark "voted" on the ballots the effect of making them invalid, or that they shall not be counted, or the like. It is silent on the effect of the omission. There is no contention, and there is nothing to indicate, that there was any fraud in the conduct of this election on the part of the officers or the voters. The deposit of the votes in these ballot boxes had no improper influence on the election, unless the counting of them was illegal. To refuse to count them would be to have disfranchised at the election all the voters at the several polling places in question, where it appears all of the votes cast were deposited by each of the officers in the boxes without his marking on them the word "Voted," which was due manifestly to their misunderstanding of this part of their duty.

Section 78 of the act reads: "The counting judges and clerks shall familiarize themselves with the signature of the judge who writes his name on each ballot that is voted, and shall count no ballots that do not bear his signature, or are unnumbered, or if on examination by the judges, such signature is found to be a forgery." This does not direct the counting judges and clerks to not count ballots on which the word "voted" does not appear, but directs them to look only to the presiding judge's signature and the number, thus, in effect, directing the votes to be counted regardless of the word "voted."

In connection with the duty of the numbering judge to stamp or write the word "voted" on the ballot, it was made his duty, as a part of the same act, to write on the blank side the number opposite the voter's name on the voting list, and also it was made the duty of one of the clerks to mark the letter "V" on the certified list or supplemental list of qualified voters. It is not contended that these other requirements were not complied with.

There existed reasons for which the Legislature may have deemed it nonessential to the counting of the votes that the word "voted" should appear thereon. At any rate the will of the citizens could be fairly secured and the election fairly conducted, notwithstanding the failure to comply with said requirement; and the Legislature has not seen fit to declare the ballots void for that reason, but, on the contrary, has in effect authorized the counting of them without reference to the indorsement of such word thereon.

We are of opinion that the requirement in question was not mandatory, but clearly directory, and the failure to observe it did not vitiate the ballots. Kulp v. Railey, 99 Tex. 310, 89 S. W. 957, citing with approval O'Connell v. Mathews, 177 Mass. 521, 59 N. E. 195; Lindstrom v. Board, 94 Mich. 467, 54 N. W. 280, 19 L. R. A. 171; Clark v. Hardison, 40 Tex. Civ. App. 611, 90 S. W. 342; Horsefall v. School Dist., 143 Mo. App. 541, 128 S. W. 33; Gray v. State, 92 Tex. 396, 49 S. W. 217; King v. State, 30 Tex. Civ. App. 320, 70 S. W. 1019.

Judgment affirmed.