HILLERT et al. v. SCHWEPPE.   (No. 6596.)

(Court of Civil Appeals of Texas.   San Antonio.   Oct. 12, 1921.)

1. Schools and school districts ⬿103(2)—Ballot at tax election need not be indorsed by presiding officer.

In a special election under Rev. St. arts. 2827–2836, as to the levy of a tax, it is not necessary that the presiding officer indorse or write his name on the ballots, the general election law, articles 3001, 3011, though mandatory, not being applicable to such an election, the law as to which contains no provision such as that of article 5720, requiring officers holding local option elections to conform to the general election laws.

2. Elections ⬿227(9)—Erroneous ballot prepared in good faith by election officer, whom voter instructed in German, counted as cast.

Though Rev. St. art. 3003, as amended by Acts 36th Leg. (1919), c. 55, requiring the use of the English language between the judge and voter in the preparation of a ballot, is inapplicable in a school election, a ballot prepared in good faith by a judge of an election, as he thought the voter instructed him in German, should be counted as cast; the rule that a voter who makes a mistake and votes a different ticket than he intended cannot have the error corrected being applicable.

3. Elections ⬿220—Voter claiming assistance because he left eyeglasses at home was not under "physical disability" within statute.

A voter who claimed the assistance of an election officer in preparing his ballot on the ground, not that he was blind or could not read or write, but that he left his eyeglasses at home was not under physical disability, within Rev. St. art. 3003, as amended by Acts 36th Leg. (1919) c. 55, where he made no effort to get his glasses, the law applying only to permanent disability.

[Ed. Note.—For other definitions, see Words and Phrases, Physical Disability.]

4. Elections ⬿83—Act exempting discharged service man from poll tax requirement held inapplicable to one reporting to draft board on Armistice Day and sent home.

Acts 36th Leg. (1st and 2d Called Sess.) 1919, c. 3, § 3, declaring it unnecessary for discharged sailors, soldiers, and marines to hold a poll tax receipt to vote at elections during 1919 and 1920, and describing those so exempted as citizens taken from their homes into military cantonments and foreign countries, and thus prevented by their service and obedience to the laws from paying their poll tax, does not govern the case of one who appeared before the draft board on Armistice Day, served one day, was paid a dollar, and sent back home.

5. Elections ⬿83—Voter held not permanently disabled within statute exempting from poll tax requirement.

One 46 years old, who ran a grocery store, was once a farmer, owned a well-drilling outfit, and had been refused a poll tax exemption certificate by the tax collector, was not entitled to vote without paying such tax, though he had been injured by a fall, suffered partial paralysis, had scarlet fever and was again paralyzed when ten years old, and used crutches, not being permanently disabled under Rev. St. art. 2943.

Appeal from District Court, Guadalupe County; M. Kennon, Judge.

Action by John Hillert and others against Egbert Schweppe, as county attorney, to contest an election.   Judgment for defendant, and plaintiffs appeal.   Affirmed.

Dibrell & Mosheim, of Seguin, for appellants.

Egbert Schweppe and Wurzbach, Wirtz & Weinert, all of Seguin, for appellee.

FLY, C. J.   This is a suit to contest an election held in a school district situated partly in Bexar county and partly in Guadalupe county, the election having taken place for the purpose of determining whether a tax of 50 cents on the $100 should be levied on the property of the district for the benefit of the public free schools therein.   The suit was instituted by appellants, consisting of 43 contesting citizens of the district against appellee as county attorney of Guadalupe county.   Appellants' contest was based on allegations that 85 votes were cast at the election, of which number 43 were opposed to the proposition to levy a tax and only 42 in favor of it, but the officers of the election declared the proposition carried; that Henry Voges, 72 years of age, not having his eyeglasses, requested Otto W. Grote, the presiding officer of the election, to prepare his ballot for him, and instead of preparing the ballot, as instructed by Voges, as against the tax, said Grote made it out as in favor of the tax, and thus defrauded the voter out of his ballot; and that Walter Mergele and Gus Hoffman cast their ballots in favor of the tax, although neither of them was a qualified voter of the district, Mergele not having paid his poll tax, and Hoffman owned no land in the district.   Another ground of contest was that none of the ballots had the name of the presiding officer of election written on it.   The election was held to be valid by the trial judge.

The vote of Henry Voges was rejected by the court because the conversation between the voter and the presiding officer was in German and the ballot was invalid for any purpose, and it was deducted from the vote cast for the tax.   The vote of Gus Schertz,

who voted against the tax was rejected because, although subject to a poll tax, he had not paid the same. The court rejected only two votes, one cast for and the other against, which left 42 votes in favor of and 41 against the tax.

[1] The first assignment of error assails the action of the court in sustaining an exception to that portion of the petition "wherein it was alleged that there was no legal ballot used or cast at said election, for the reason that none of the ballots voted by any of the persons voting at said election had the name of the presiding officer or judge written or indorsed thereon." The election in this case was held under a law specially applying to the levy of a special tax for the maintenance of public free schools and erection of schoolhouses within school districts. Rev. St. arts. 2827 to 2836, inclusive. In those articles there is but one requirement of conformity to laws for holding general elections, and that is as to returns of the election. In those articles there is no requirement that the presiding officer of the special election shall indorse or write his name on the ballots, and such requirement is not applicable to school district elections, unless, as contended by appellants, the provisions of the law as applied to general elections also apply to such school elections. This is not an open question, unless the opinion of the Court of Civil Appeals of the First district in Clark v. Willrich, 146 S. W. 947, wherein it is clearly held that the provisions of Rev. Stats. arts. 3001, 3011, are not applicable to an election of this kind, is overruled. Under the provisions of article 3011 ballots not bearing the signature of the presiding judge cannot be counted, and courts have uniformly held such provision to be mandatory. Clark v. Hardison, 40 Tex. Civ. App. 611, 90 S. W. 343; Arnold v. Anderson, 41 Tex. Civ. App. 508, 93 S. W. 696; Brigance v. Horlock, 44 Tex. Civ. App. 277, 97 S. W. 1060; Walker v. Mobley, 105 S. W. 61.

We have no knowledge of any case that has held that the provisions of the articles cited in the general election law have any bearing upon a school tax election of the kind involved in this suit. The case of Arnold v. Anderson, herein cited, and upon which reliance is placed by appellants to sustain their contention, holds that the general election law applied to local option elections, giving as a reason for so ruling that article 5720, Revised Statutes, provides that—

The "officers holding said election shall, in all respects not herein specified, conform to the general election laws now in force regulating elections."

There is no such provision in the law as to school district elections, and no court has ever held that the regulations in the general election laws have any application.

On the other hand, as before stated, it has been definitely and reasonably held in the Clark-Willrich Case, herein cited, that the general law of elections as to the signature of the presiding election officer on the ballot has no applicability to an election on taxation in a school district. The case of Wallis v. Williams, 101 Tex. 395, 108 S. W. 153, sustains that ruling, and so does the Court of Criminal Appeals in several instances. Ex parte Keith, 47 Tex. Cr. R. 283, 83 S. W. 683; Ex parte Anderson, 51 Tex. Cr. R. 239, 102 S. W. 727; Ex parte Kimbrell, 47 Tex. Cr. R. 333, 83 S. W. 382. The school law in this case was enacted after the general law, and was made sufficient unto itself except as to the returns of the election. The first assignment of error is overruled.

[2] The court found that Henry Voges intended to vote against the tax, but that the ticket was marked by the judge of the election for the tax as he honestly thought the voter desired him to do. There was no evidence of fraud upon the part of the officer, but that a mistake was made as to what was desired by the voter, which possibly might have been avoided if the requirement that the only language that can be used between the judge and voter in the preparation of a ballot is the English language had been obeyed. All the conversation between the judge of the election and the voter was in German, and not English, as required by an amendment to article 3003, Revised Statutes, enacted in 1919. Gen. Laws, 36th Leg. pp. 94, 95. The voter was born in Comal county, and was 72 years old, and yet claimed that he spoke very little English, and called in the help of a judge of election to assist him through the German language to prepare a ballot in Texas. Not only was the judge present when the ballot was prepared, but also Emil Achterberg, nephew, and Alfred Voges, a son. Otto Grote swore positively that he prepared the ballot as directed by Henry Voges, in the German language. While the trial judge rejected the ballot because prepared in violation of the law of 1919, consistency requires that it be held, as in the case of writing the name of the presiding officer on all ballots, that the law is not applicable in a school election. The fact, however, that a man born in Texas 72 years ago, reared here, and who at all times has lived here, cannot read or write the language in which its Constitution and laws are written, and which is the only medium through which children in the public free schools can be taught, is a sad commentary on the administration of public affairs, and is a matter for the earnest consideration of every true American citizen.

Under the evidence the court would have been amply justified in holding that the officer of the election prepared the ballot just as he was instructed to prepare it, but that course was not taken, and the question is raised, by the findings of the judge, as to

whether a ballot prepared in good faith by a judge of an election, but by mistake not prepared as the voter desired and requested, shall be counted as the voter intended it should be, or rejected altogether. The question of fraud is eliminated by the findings of the judge, as well as by the statement of facts, and we can see no reason therefore why the mistake on the part of the officer acting in good faith should not receive the same treatment as would the mistake of the voter himself in making up his ballot. It is the rule that a voter who makes a mistake and votes a different ticket from what he intended cannot have the error corrected. McCrary on Elections, § 234.

[3] If this rule be not applicable to the facts of this case, however, we are of the opinion that neither the officer or any one else had the right or authority to prepare the ballot, and it was not a legal ballot, because, if article 3003 has any application to this election, we do not think that Henry Voges was laboring under such "physical disability" as is contemplated by the statute. He was not blind, but merely claimed physical disability on the ground that he left his eyeglasses at home. That diability could probably have been removed at once by borrowing glasses or by sending to his home, which was only three miles distant. The voter made no effort to get glasses. We do not think that the law would apply to some disability that can be and had been absolutely controlled by appliances or instrumentalities, but to permanent disability, such as blindness or loss of both hands. The voter did not claim that he needed help because he could not read or write, but simply on the ground that his eyeglasses were at his home. The election was held in the town of Schertz, and the voter could undoubtedly have bought or borrowed eyeglasses.

[4] Alfred Voges, the son of Henry Voges, claimed and was granted the right to vote on the ground that he had been a soldier in the American army during the World War. He voted against the tax, and, although the legality of his vote was assailed by appellee, the district judge sustained it. In 1919, at a called session of the Legislature (Acts 36th Leg. [1st and 2d Called Sess.] 1919, c. 3, § 3), a law was passed declaring "that it shall not be necessary for said discharged sailors, soldiers and marines, in order to exercise the privilege of suffrage and vote at all elections held within the state of Texas during the years 1919 and 1920, to hold a poll tax receipt showing any poll tax paid before the 1st day of February next preceding such election, or paid at any time theretofore or thereafter." Those to whom the privilege was granted of exemption from payment of a poll tax are described as citizens who were called from "peaceful pursuits and ordinary avocations" and taken from their homes and usual places of abode "into military cantonments and foreign countries as soldiers, sailors and marines and prevented from exercising the ordinary privileges of citizens of the state." And that is not all, but the act goes further and says the persons described must "have been prevented by * * * their service and obedience to the laws, rules and regulations" from paying their poll taxes. The law is made to rest on service to the government for it is declared that such "exclusive separate public emoluments and privileges" were given "in consideration of public services," performed by the sailors, soldiers, and marines.

The facts in regard to Alfred Voges do not bring him within the letter or the spirit of that law. On Saturday, November 9, 1918, he was ordered to report to the draft board at San Antonio. He appeared before the board on November 11, Armistice Day, when the war, to all intents and purposes, had been concluded by the defeat and discomfiture of the German armies. He claims to have served one day, was paid a dollar, and went back home. He was never placed in a cantonment, nor sent to a foreign country, and was not prevented by any public service from paying his poll taxes for 1919, for he was at home and was 21 years of age before January, 1919. The act is not broad enough to cover his case, and his vote against the school tax should not have been counted.

[5] We are of the opinion that the court erred in counting the vote of Walter Mergele, who had not paid his poll tax, but claimed to be exempt on account of being permanently disabled. The facts show Mergele was 46 years of age, that he had been injured by a fall from a fence and suffered partial paralysis, and then had scarlet fever and was again paralyzed. This occurred when he was 10 years old, and he used crutches when walking. He runs a grocery store, and at one time was a farmer, and also owns "a well-drilling outfit." He had been refused an exemption certificate by the collector of taxes, and had none to present when he voted against the tax at the school district election. Under the rulings in the cases of Bigham v. Clubb, 42 Tex. Civ. App. 312, 95 S. W. 675, and McCormick v. Jester, 53 Tex. Civ. App. 306, 115 S. W. 278, Mergele was not permanently disabled in the eyes of the law (Rev. St. art. 2943), and should not have been permitted to vote. His vote should not have been counted against the tax.

The errors committed by the court were not such as to require a reversal of the judgment, which reached the proper result.

The judgment is affirmed.