## EX PARTE JACK SIMMONS.

No. 9122.   Delivered November 25, 1925.

1.—Habeas Corpus—Stock Laws—How Adopted.

The Article of the Statute which provides for the holding of an election to adopt the stock law in a given territory, provides that a petition for an election in a subdivision of the county must describe particularly the boundaries of such subdivision. This provision of the statute has been held mandatory. See Gulledge v. State, 122 S. W. 21, and other cases cited.

2.—Same—Petition and Order—Variance in Description—Fatal.

Where there is a variance between the description of the territory by metes and bounds, between the petition for the election and the order of the commissioner's court for the election such variance is fatal, and relator is therefore ordered discharged.

Appeal from the County Court of Sherman County.   Tried below before the Hon. E. G. Pendleton, Judge.

Appeal from an order remanding relator to the custody of the sheriff on the hearing of a habeas corpus.

The opinion states the case.

*R. E. Stalcup,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—Relator was charged by a complaint in the Justice Court of Precinct No. 3 of Sherman County, Texas, with violation of Art. 1241 of the P. C., in that he knowingly

and wilfully permitted his stock to run at large in said precinct No. 3 in violation of the stock law.

He sued out a writ of habeas corpus before the county judge of said county, who after hearing the facts remanded relator.

Relator contends that the election seeking to put the stock law in force in said precinct in Sherman County was void, among other things for the reason that there is a fatal variance between the description of the territory contained in the petition for the stock election and that described in the order of the commissioner's court ordering the election and the notice of the election. The field notes in the petition calling for the election in seeking to describe Justice Precinct No. 3, designate the beginning corner of said precinct as being at the corner of Section 54 in Block 2-B of the G. H. & H. Railway Survey, while the order of the commissioner's court calling said election describe the beginning corner of said Justice Precinct No. 3 as being located in Section 54 Block 3-B of the G. H. & H. Railway Survey in said county. The agreed statement of facts shows that the beginning corner described in the petition for the election is eight miles from the beginning corner contained in the order for the election. Entirely different territory is necessarily described in the petition from that described in the order. We think this variance is fatal to the validity of the election. The article of the statute under which the election was called provides that if the petition be from the freeholders of a subdivision of a county, such subdivision shall be particularly described and the boundaries thereof designated, and this provision of the statute has been held by this court to be mandatory. Ex Parte Gulledge, 122 S. W. 21; Alsobrook v. State, 216 S. W. 167; Railway v. Tolbert, 100 Texas 483; 101 S. W. 206.

It is clear under the decisions of this court, that under the stock election law, no election can be ordered by a commissioner's court of its own motion; it must be upon a petition such as is mentioned in the statute. Ex Parte Kimbrell, 83 S. W. 382. This being true, it occurs to us that it logically follows that the order of the commissioners' court for the election must follow the petition therefor, which has been filed, with respect to the description of the territory to be affected by such election. We accordingly hold that the variance between the description of the territory embraced in the petition for the election and that described in the order for the election is fatal to its validity.

Relator also contends that the election was void for the reason that at the time of filing the petition and the order of the commissioners' court, and the holding of the election, there existed in the proposed stock law district an incorporated town, duly incorporated under the general laws of the State. It is sufficient to say that in our opinion the facts agreed to in this case are not sufficiently certain to enable us to determine that an incorporated town is situated in the district within which the election was held.

There are many other questions raised by the record in this case, but we do not deem it necessary to discuss them.

Because of the fatal variance between the description contained in the petition for the election and the order of the commissioners' court for the election, it is our opinion that the election was void, and that the relator should therefore be discharged.

*Relator discharged.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.