

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

August 28, 2003

The Honorable Robert B. Scheske
Gonzales County Attorney
P.O. Box 3
Gonzales, Texas 78629-0003

Opinion No. GA-0093

Re: Whether a local option stock law election, in which a single ballot proposition combined proposals from a petition to restrain cattle with a petition to restrain horses and other animals, was valid (RQ-0027-GA)

Dear Mr. Scheske:

You ask about the validity of a local option stock law election, in which a single ballot proposition combined a proposal to restrain cattle with a proposal to restrain horses and other animals.[1] *See* TEX. AGRIC. CODE ANN. § 143.071 (Vernon 1982) (providing for local option election concerning cattle); *id.* § 143.021 (providing for local option election concerning "horses, mules, jacks, jennets, donkeys, hogs, sheep, or goats").

Gonzales County conducted an election to determine whether to adopt stock laws prohibiting animals from running at large in the county. As a general rule, Texas common law does not impose a duty on owners of domestic animals to prevent their animals from running at large. *See Gibbs v. Jackson*, 990 S.W.2d 745, 747 (Tex. 1999) (holding that Texas follows the "free-range" rule). The Texas Constitution authorizes the legislature to pass laws for the regulation of livestock.[2] Chapter 143 of the Texas Agriculture Code allows a county or portion of a county to decide by local option

---

[1]Letter from Robert B. Scheske, Gonzales County Attorney, to Office of Attorney General (Mar. 11, 2003) (on file with Opinion Committee) [hereinafter "Request Letter"].

[2]Article XVI, section 23 provides:

> REGULATION OF LIVE STOCK; PROTECTION OF STOCK RAISERS; INSPECTIONS; BRANDS. The Legislature may pass laws for the regulation of live stock and the protection of stock raisers in the stock raising portion of the State, and exempt from the operation of such laws other portions, sections, or counties; and shall have power to pass general and special laws for the inspection of cattle, stock and hides and for the regulation of brands; provided, that any local law thus passed shall be submitted to the qualified voters of the section to be affected thereby, and approved by them, before it shall go into effect.

TEX. CONST. art. XVI, § 23.

election whether to prohibit certain classes of livestock from running at large in the locality. Separate subchapters provide for elections concerning cattle or domestic turkeys (subchapter D), hogs (subchapter C), and horses, mules, jacks, jennets, donkeys, hogs, sheep, or goats (subchapter B). TEX. AGRIC. CODE ANN. §§ 143.021–143.082 (Vernon 1982 & Supp. 2003).

Gonzales County residents presented two petitions to the commissioners court for local option stock law elections to determine if certain classes of animals may run at large in the county. One petition concerned cattle, and the other concerned "horses, mules, jacks, jennets, donkeys, hogs, sheep, or goats." Request Letter, *supra* note 1 (Exhibits "A" & "B"). The commissioners court ordered an election be held "with the ballots printed to provide for voting for or against the following proposition: Adoption of the stock law prohibiting cattle, horses, mules, jacks, jennets, donkeys, hogs, sheep, or goats from running at large." *Id.* (Exhibit "C"-"Order of Election"). The election ballots conformed to the commissioners' order, giving voters the option of voting "For" or "Against" the single proposition. *Id.* (Exhibit "D"). The election was held, and the proposition passed.

You inquire whether combining proposals from the two petitions in a single ballot proposition rendered the election to adopt stock laws invalid. As you note, whether a county has a valid stock law may be significant in civil negligence cases involving livestock. *See Gibbs*, 990 S.W.2d at 747 (holding that an owner owed no duty to restrain a horse from roaming on a farm-to-market road in a county without a stock law). And you are concerned that, without a valid election, Gonzales County cannot enforce the stock laws by criminal prosecution. Request Letter, *supra* note 1, at 3.

Chapter 143 provides similar election procedures in subchapter B (concerning horses and other animals), and in subchapter D (concerning cattle and domestic turkeys). Freeholders of a county or an area within a county first petition the commissioners court to conduct an election to decide if certain animals will be permitted to run at large in the county or the petitioning area. *See* TEX. AGRIC. CODE ANN. §§ 143.021(a), 143.071(a) (Vernon 1982). The petition must be signed by a certain number of freeholders, *see id.* §§ 143.021(b), 143.071(c), and must "clearly state each class of animal that the petitioners seek to prohibit from running at large." *Id.* §§ 143.021(d)(1), 143.071(d)(1). After receiving such a petition, the commissioners court orders that an election be held. *See id.* §§ 143.022, 143.073(a).

Subchapters B and D contain significant differences, however. For example, a petition concerning cattle and domestic turkeys, governed by subchapter D, must be signed by at least thirty-five freeholders, *id.* § 143.071(c), while a petition for horses and other animals under subchapter B must be signed by at least fifty freeholders. *Id.* § 143.021(b). Also, the penal provisions of subchapter B proscribe different conduct than does subchapter D.[3]

---

[3]Subchapter B proscribes several offenses:

(a) A person commits an offense if the person knowingly:

(1) turns out or causes to be turned out on land that does not belong to or is not

(continued...)

Most pertinent here, the subchapters require different wording on the election ballots to be used in a local option stock election. For cattle, subchapter D directs that the ballot state "Adoption of the stock law." *Id.* § 143.073(b). For horses or other animals, subchapter B requires the ballot to state, "Letting _____ run at large," listing in the blank space each class of animal designated in the election order. *Id.* § 143.023(d). For ballots prepared to comply with subsection D, a "for" vote would signal support for adopting the stock law restraining cattle. But in a ballot prepared according to subchapter B, a "for" vote would indicate opposition to a law requiring restraint of horses or other animals. The stock law is adopted under subchapter D if the majority votes for the proposition. *Id.* § 143.074(a). The stock law is adopted under subchapter B if the majority votes against the proposition. *Id.* § 143.024(a).

Propositions under subchapters B and D may be considered in the same election provided the election is conducted in substantial compliance with the pertinent statutes. In *Lock v. Morris*, 287 S.W.2d 500 (Tex. Civ. App.–Texarkana 1956, writ ref'd n.r.e.), a single petition combined different classes of animals, but the commissioners court ordered an election with separate propositions on separate ballots. The court held that the resulting election substantially complied with the statutes. *Lock*, 287 S.W.2d at 503. Similarly, the court upheld a stock law election concerning both cattle and other animals in *Scurlock v. Wingate*, 283 S.W. 307 (Tex. Civ. App.–Beaumont 1926, no writ). In *Scurlock*, only one form of printed ballot was used in the election, which read "for the stock law" and "against the stock law," but there were separate ballot boxes, one for cattle, and a separate ballot box for other animals. *Scurlock*, 283 S.W. at 308. Stating that the "object of every election is to ascertain the will of the people on the matter involved," the court held that the separate ballot boxes accomplished that goal, and therefore complied with the law. *Id.* at 309-10. An attorney general opinion determined that a commissioners court may order a single stock election to decide whether to adopt the stock law for different types of livestock, as requested

---

[3](...continued)

     under the control of the person an animal that is prohibited from running at large under this subchapter;

     (2) fails or refuses to keep up an animal that is prohibited from running at large under this subchapter;

     (3) allows an animal to trespass on the land of another in an area or county in which the animal is prohibited from running at large under this subchapter; or

     (4) as owner, agent, or person in control of the animal, permits an animal to run at large in an area or county in which the animal is prohibited from running at large under this subchapter.

TEX. AGRIC. CODE ANN. § 143.034(a) (Vernon Supp. 2003). Subchapter D proscribes a single offense:

     (a) A person commits an offense if the person knowingly permits a head of cattle or a domestic turkey to run at large in a county or area that has adopted this subchapter.

*Id.* § 143.082(a).

by two separate petitions. *See* Tex. Att'y Gen. Op. No. O-6704 (1945). The opinion concluded that a single election was permissible provided the election officials took precautions to make "clear and certain the result as to the two distinct elections being held by the same election officials at the same time." *Id.* at 3-4. However, while *Lock, Scurlock,* and the attorney general opinion permit a single election for propositions based on different subchapters, none authorize combining the propositions so that the voter may only approve both or neither.

An election order that combines proposals from separate petitions into a single ballot proposition may be objectionable for several reasons. First, a court could conclude that the commissioners court's election order was invalid because it did not conform to the petitions. A commissioners court does not possess independent authority to order a local option stock election, but may only order an election pursuant to a petition as prescribed by statute. *See Ex parte Simmons,* 277 S.W. 693, 693 (Tex. Crim. App. 1925). Consequently, a commissioners court may not order an election at variance with the petition. *See id.*; *West End Rural High Sch. Dist. of Austin County v. Columbus Consol. Indep. Sch. Dist. of Colorado County,* 221 S.W.2d 777, 779 (Tex. 1949) (county judge's order for election to consolidate school districts that did not conform to petitions was void). As one court has stated:

> The petition for an election is fundamental and jurisdictional. It is the basis of the court's action in ordering the election. The court is not at liberty to disregard the request to order the election prayed for, if the requisites of the statute have been complied with; nor is it at liberty to alter the request for an election by ordering an election different from the one called for by the petition.

*Coleman v. Hallum,* 232 S.W. 296, 297 (Tex. Comm'n App. 1921, judgm't adopted). By combining proposals from the petitions into a single proposition, the commissioners court ordered an election that did not conform to either petition.

Second, a court would likely conclude that the two proposals cannot be combined into a single proposition because they concern separate and distinct matters under subchapters B and D. A ballot that combines two or more separate and distinct propositions is invalid. *See Royalty v. Nicholson,* 411 S.W.2d 565, 570 (Tex. Civ. App.–Houston 1967, writ ref'd n.r.e.); *Garcia v. Duval Co.,* 354 S.W.2d 237, 238-39 (Tex. Civ. App.–San Antonio 1962, writ ref'd n.r.e.); *Adams v. Mullen,* 244 S.W. 1083 (Tex. Civ. App.–San Antonio 1922, writ ref'd).

Finally, a court could conclude that the combined proposition is invalid because it is inconsistent with the statute. When an election statute prescribes the exact form of the proposition to appear on the ballot, courts generally require that the ballot language strictly conform to the statute. *See Davenport v. Comm'rs Ct. of Denton County,* 557 S.W.2d 530, 531-32 (Tex. Civ. App.–Texarkana 1977, no writ) (local option liquor law); *Wright v. Bd. of Trs. of Tatum Indep. Sch. Dist.,* 520 S.W.2d 787, 792 (Tex. Civ. App.–Tyler 1975, writ dism'd) (school bond election); *McGraw v. Newby,* 496 S.W.2d 250, 252 (Tex. Civ. App.–Beaumont 1973, no writ) (local option

liquor law); *see also* Tex. Att'y Gen. LO-96-110 (1996) at 2 (ballot language requirement precludes combining different sales and use tax proposals in single proposition); Tex. Att'y Gen. Op. No. DM-218 (1993) at 3 (same). A single ballot proposition cannot be formulated to comply with both the language required by section 143.023(d) ("Letting _____ run at large") and the language required by section 143.073(b) ("Adoption of the stock law").

As an additional matter, we note that in two early cases, the court of criminal appeals held that an election was void when, as here, the ballot submitted different classes of animals in the disjunctive. In *McElroy v. State*, 47 S.W. 359 (Tex. Crim. App. 1898), the court granted habeas corpus relief because the conviction was based on an invalid stock law. The court concluded the stock law was invalid because the ballot proposition used the word "or" instead of "and" to determine whether to adopt the stock law for "hogs, sheep, and goats." *McElroy*, 47 S.W. at 359. The court held that the election was void because it was "impossible to determine whether [the voters] intended to prohibit the running at large of one or all kinds of said stock." *Id.*; *accord Reuter v. State*, 67 S.W. 505, 506 (Tex. Crim. App. 1902) (reversing criminal judgment); *see also Coleman v. Hallum*, 232 S.W. 296, 297 (Tex. Comm'n App. 1921, judgm't adopted) (recognizing the rule in *McElroy* but distinguishing the case based on the court's construction of the commissioners court's order).

In sum, the ballot Gonzales County used in its local option stock election was invalid because the single proposition did not conform to the petitions, combined separate and distinct propositions, and failed to follow mandatory ballot language. As a result, the election to adopt a local option stock law was not valid.

## S U M M A R Y

A local option stock law election, in which a single ballot proposition combines proposals from a petition to restrain cattle and from a petition to restrain horses and other animals, is invalid.

Very truly yours,

G R E G   A B B O T T
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee