A. F. BRIGANCE ET AL. V. R. A. HORLOCK ET AL.

Decided November 22, 1906.

**1.—Local Option Election—Election Law.**

By the provisions of section 93 of the General Election Law of 1905, said law applies to and regulates the conduct of local option elections.

**2.—Same—Illegal Ballots—Signature of Presiding Judge.**

The provisions of the election law requiring the presiding judge of the election to write his name on the blank side of the official ballot before delivering it to the voter, and prohibiting the counting of any ballots not so endorsed, are mandatory.

**3.—Same—Same—Judgment.**

In a contest of a local option election which resulted in favor of prohibition

the contestees can not complain of a judgment which ordered a new election instead of declaring the result of the first election as against prohibition.

Appeal from the District Court of Grimes County. Tried below before Hon. Gordon Boone.

*A. F. Brigance* and *Buffington & Buffington,* for appellants.—To fail to endorse and number ballots in a local option election will not vitiate such election. The election must be illegally or fraudulently conducted in such a manner that the true result can not be ascertained, or is very doubtful of being ascertained. In this case it is impossible to successfully assert that the true result is impossible to be arrived at or very doubtful of ascertaining. 2 Sayles' Civil Statutes.

*Wheeler & Clough, W. W. Ballew* and *Haynes Shannon,* for appellees.—Statutes enacted for the preservation and purity of the ballot are mandatory and must be strictly complied with. Constitution, art. 6, sec. 4; Arnold v. Anderson, 93 S. W. Rep., 692; State v. Connor, 86 Texas, 138; Hanscom v. State, 10 Texas Civ. App., 638; West v. Ross, 53 Mo., 350; Ledbetter v. Hall, 62 Mo., 422.

The provisions, with reference to ballots and the method of conducting elections, enacted by the S. S. of the Legislature of 1905, and commonly called the Terrell Election Law, apply to local option elections. S. S. Act 1905, ch. 10; Laws of Texas, secs. 54, 58, 93.

REESE, ASSOCIATE JUSTICE.—This is a contest of a local option election in the county of Grimes brought under the statute (articles 3397, 1804t, 1804u) by appellees against A. F. Brigance, county attorney, and the members of the Commissioners' Court. The declared result of the election was in favor of prohibition. Various irregularities and illegalities in the conduct of the election are charged in the petition, the only one upon which evidence was introduced being that at the election at the Bedias box the presiding officer failed to endorse, with his signature, the official ballots voted. There was a prayer that the election be declared to have resulted against prohibition or, in the alternative that if the evidence should show that it was impossible to arrive at the result, a new election be ordered. There was also prayer for general relief.

Upon the trial, which was with a jury, evidence was introduced which conclusively established that none of the official ballots voted at the Bedias box contained the signature of the presiding judge of the election. This evidence consisted of the testimony of the election officers and an inspection of the ballots themselves, and it was undisputed in the District Court and is undisputed here that none of the ballots contained this signature, and that excluding the ballots cast at that box a majority of the legal votes cast in the county was against prohibition.

Upon this evidence the trial court instructed the jury "that the election at Bedias box, by reason of the failure of the presiding judge thereof to sign and endorse his name upon the ballots cast at said election, was illegal, and by reason thereof said votes cast at said election can not be counted, which renders the true result of said election in said

county impossible to ascertain." The jury was therefore instructed to return a verdict for the plaintiffs, which was done.

The judgment of the court, after reciting the result of the undisputed evidence to be that none of the ballots cast at the Bedias box were signed by the presiding judge, and that excluding these votes there would be a majority against prohibition, declares "that there was such action, or want of action, on the part of certain officers to whom was intrusted the conduct of the election that such a number of legal voters were denied the privilege of voting as, had they been allowed to vote, would have materially changed the result of said election, and that such illegalities existed in the conduct of said election by certain officers in charge thereof as to render the true result of said election impossible to be arrived at and very doubtful of ascertaining, the court is of the opinion that said election should be declared void and another election ordered," which was done. From this judgment contestees appeal. There is no assignment of error in the court below, but the case is brought here upon what is assigned, in the brief of appellants, as fundamental error.

It was not error to hold that by reason of the failure of the presiding judge to write his name upon the ballots voted at the Bedias box none of such ballots could be counted. The provisions of chapter 10, Acts of the first called session of the Twenty-ninth Legislature, control the decision of this question. Section 93 of the Act expressly provides that the provisions of the Act shall apply to all elections held in this State, except as otherwise therein provided. There is no conflict between the provisions of this statute, with regard to the conduct of elections, and any of the provisions of the law specially dealing with the subject of local option elections. (Arnold v. Anderson, 93 S. W. Rep., 693.) The provisions of the statute requiring the presiding judge to write his name on the blank side of the official ballot before delivering the same to the voter, and prohibiting the counting of any ballots which did not have this signature, are mandatory. The emphatic language of the act and the evident purpose of the provisions referred to leave no doubt of this. (State v. Connor, 86 Texas, 138; Arnold v. Anderson, 93 S. W. Rep., 695.)

Appellants assign as fundamental error the action of the court in declaring the election void and ordering that another election be held, on the ground, first, that appellees did not pray for such relief; and, second, that it did not follow from the result of the Bedias box that the election was illegal or that it authorized the court to order a new election to be held. As to the first ground, the petition of appellees expressly prayed for the specific relief granted, in addition to the prayer for general relief. As to the second ground, if any fundamental error is presented it is not such error as appellants can complain of.

If we understand appellants proposition it is that, it being conclusively shown that the ballots in the Bedias box could not be counted, and that excluding these votes the result of the election was against prohibition, that is, in favor of contestants and against contestees, the court should not have held the election void and ordered another election. Obviously, if the court had not done so, it would have been compelled to declare the result of the election in favor of contestants

and against prohibition. The logical deduction from the contention of appellants is that this is what should have been done. Is this an error of which appellants can complain? It appears to us that if there was any error in the judgment in the particular referred to, it was in favor of appellants and their assignment of such error here can not be sustained. Appellees are not complaining of the judgment.

We find no reversible error and the judgment is affirmed.

*Affirmed.*