## W. M. Durham, County Judge, v. R. B. Rogers et al.

### Decided December 14, 1907.

**1.—Removal of County Seat—Election—Irregularities.**

In a contest of an election for the removal of a county seat, irregularities in the returns made by the officers of election at a certain box considered, and held insufficient to exclude the votes cast at such box.

**2.—Same—Ballots—Signature of Officer.**

In an election for the removal of a county seat, it is not essential that the ballots be endorsed with the signature of the presiding officer of the election. Such election, like a local option election, is not governed by the provisions of the general election law, as to the form of the ticket.

**3.—Cross Assignments—Practice.**

An appellee may, by cross assignments of error, have the judgment of the trial court reversed and rendered in his favor without filing an appeal bond.

**4.—Contested Election—Appeal—Costs.**

In an appeal from a judgment in a contested election, the county judge

being the contestee, the costs of the appeal should be adjudged against the contestant so far as created by him, though he was successful in the appeal.

Appeal from the District Court of Wheeler County. Tried below before Hon. H. G. Hendricks.

*C. Coffee, Hoover & Taylor* and *Theodore Mack,* for appellant.

*B. M. Baker* and *J. B. Reynolds,* for appellees.

STEPHENS, ASSOCIATE JUSTICE.—The appellees instituted this proceeding to contest an election held in Wheeler County to determine the question of the removal of the county seat from Mobeetie, a town more than five miles from geographical center of the county, to Wheeler, a town within five miles of such center. The ground of contest was the failure of the county judge to estimate the returns from "Center Box." With the votes cast at this box excluded, Mobeetie had a majority of five votes and the result was so declared by the county judge, but if these votes had been counted Wheeler would have had a majority of eleven votes. The county judge was made the contestee and filed an answer in which it was charged that certain ballots cast at other boxes and counted for Wheeler were illegal, the exclusion of which would give Mobeetie a majority.

The issues were tried in the District Court and the election was adjudged void on the ground that such a number of legal voters were by the officers of election denied the privilege of voting as, had they been allowed to vote, would have changed the result, and a new election was ordered. From that judgment the county judge appealed and the contestants have filed cross assignments of error.

From the agreed statement of facts and the court's findings it appears that the officers of election at Center Box made out three returns, one of which was retained by the presiding officer and the other two were locked up in an empty ballot box together with poll lists and tally lists, and that one of these returns showed the total number of votes cast and the number cast for each place for the county seat, but the other did not show the number of votes cast, that both were properly certified by the officers of election to be correct. The returns, tally lists and poll lists, together with the ballot box, were delivered by one of the judges of said election within the proper time to the county judge of the county at his office, but the officers of election failed to deliver to the county clerk a copy of the returns of said election or the ballots cast at said election, and the same were delivered to the county clerk by the county judge after he had canvassed and declared the result of the election and in the same condition as they were when he received the same from the election judge, and they have ever since remained in the custody of the county clerk, the court finding affirmatively that they had not been tampered with or changed in any respect whatever. The ballots cast at this box were all cast by legal voters, but one ballot failed to have the indorsement of the presiding officer of the election. At other boxes votes to the number of fifteen,

challenged by the contestee, though cast by legal voters, were in the same condition, that is, without the signature of the presiding officer, making a total of sixteen votes which were held by the District Court to be illegal for want of the signature of the presiding officer. With these excluded and all others counted Mobeetie had a majority of three votes, but if these had not been excluded Wheeler would have had a majority of more than three votes.

We approve the action of the trial court in refusing to exclude the votes cast at Center Box because of the irregularities urged against the returns made by the officers of election. In no other way could the true result of the election, which was the purpose of the contest, have been ascertained.

But on the authority of Walker v. Mobley, 103 S. W. R., 490, we are constrained to hold that the court erred in excluding as illegal all ballots not signed by the presiding officer of election. This recent decision of the Supreme Court was doubtless overlooked and the following cases, which it in effect overruled, followed: Arnold v. Anderson, 41 Texas Civ. App., 508; Brigance v. Horlock, 44 Texas Civ. App., 277. In Walker v. Mobley it was held that the ticket to be used in local option elections was intended to be a substitute for the official ballot, as provided for in the general election law, and the reasoning which led to this conclusion necessitates a like holding in elections for the removal of county seats. The statute providing for such removals, like the local option statute, prescribes the form of the ticket, thus, as held by the Supreme Court in the case cited, dispensing with the official ballot for such elections, including the mandatory requirement that the official ballot should bear the signature of the presiding officer. This conclusion leads to a reversal and rendition of the judgment in favor of Wheeler as the county seat of Wheeler County.

As to the contention of appellant that the appellees are not entitled to this relief on their cross-assignments of error without perfecting an appeal, we need only cite the case of Durin v. H. & T. C. Ry. Co., 86 Texas, 287, though there are several other cases in line with it.

As to the question of costs, inasmuch as the statute provides that costs in contested election cases shall be taxed according to the laws governing costs in civil cases, except when otherwise specially provided, and further provides that in no case shall the costs of such contest be adjudged against the county judge or other officer made the contestee, or against the county, and inasmuch as the contestants were successful, we are of opinion that they should be required to pay the costs created by them and no more.

The judgment is therefore reversed and here rendered in accordance with the above conclusions.

*Reversed and rendered.*

### ON MOTION FOR REHEARING.

The motion will be overruled, but in justice to the trial judge we desire to correct a slight error in the opinion heretofore filed.

Instead of saying that the case of Walker v. Mobley, 103 S. W. R., 490, which controlled our disposition of the appeal, had doubtless been overlooked by the trial court, we should have said it had not then been decided, since the judgment from which this appeal is taken was rendered about fifteen days prior to the decision of the Supreme Court in Walker v. Mobley.

*Overruled.*