## HEWITT v. MAYS, County Judge, et al. (No. 958.)

(Court of Civil Appeals of Texas. Beaumont. June 9, 1923. Rehearing Denied June 27, 1923.)

1. **Appeal and error** ⊜⇒760(1) — **Contention not shown by bill of exception will be overruled.**

Where appellant has failed to set out the bill of exception saved to the action of the court in excluding certain evidence, and makes no specific statements and reference to the record which would enable the appellate court to verify his contention, it will be overruled.

2. **Appeal and error** ⊜⇒907(2)—**Assignment as to sufficiency of evidence to sustain finding will be overruled where evidence not indicated.**

Where an appellant contends that the trial court was in error in finding a certain fact, but fails, either by way of a statement under this assignment or anywhere in the argument, to point out the evidence on which the trial court's finding was based, nor to show the insufficiency of the evidence to warrant the finding, the assignment may be overruled on the assumption that the finding was supported by the evidence in the record.

3. **Highways** ⊜⇒90—**Amendment of returns to show true result of special election for cancellation of bonds held not to avoid· election.**

That two of the officers of a special election for the cancellation of a road district

bond issue, before the result of the election was declared by the commissioners' court, amended the returns to show the true result, *held* not to avoid the election; there being no fraud or bad faith.

**4. Highways ⬦➾90—Ballots need not be numbered in special road district election to cancel bond issue; "special election."**

An election held in a road district to determine whether bonds theretofore voted should be canceled is a special election and not within Rev. St. arts. 3005 and 3012, and it is immaterial whether the ballots are numbered or not.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Special Election.]

**5. Highways ⬦➾90—Notice misdescribing bonds to cancel which election was held did not avoid election.**

That the notice for a road district election to cancel a bond issue misdescribed the bonds as being 40-year bonds, when in fact they were 30-year bonds, did not render the election void.

**6. Elections ⬦➾280—Statute as to notice of contest held substantially complied with.**

Where, in an election contest, the written notice of grounds of contest was handed to contestees by the sheriff at the time of service of citation, which was less than 30 days after the result of the election had been declared, the statute was substantially complied with, notwithstanding that suit had already been filed.

Appeal from District Court, Navarro County; Hawkins Scarborough, Judge.

Suit by T. E. Hewitt against A. P. Mays, County Judge, and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Callicutt & Johnson, of Corsicana, for appellant.

Richard Mays, of Corsicana, for appellees.

HIGHTOWER, C. J. This suit was filed in the district court of Navarro county by appellant against the appellees to contest the result of an election ordered by the commissioners' court of that county under the provision of article 637h, Complete Texas Statutes, to determine whether or not certain bonds in the sum of $100,000, which had been voted in road district No. 2 of that county, should be canceled and revoked.

Appellant's grounds of contest were substantially as follows: (1) That the petition which was presented to the commissioners' court praying for the order of election was not signed by two-thirds of the qualified taxpaying voters of said road district, as required by law, and that the order of the commissioners' court for the election, which was based alone upon such petition, was void, as was likewise the election held in pursuance of such order; (2) that J. W. Ryan, who had been appointed as the pre-

siding judge to hold the election, did not himself act in that capacity, but instead he permitted one J. B. Adkins, who was only an associate judge, to act as presiding judge, and that this was without lawful authority; (3) that the returns of the election, as originally made by the officers holding same, showed that 193 votes were polled, and that 135 of these were against cancellation of the bonds and 61 were for cancellation; but that thereafter the commissioners' court, without lawful authority, permitted two of the officers of such election to amend the returns by showing that 135 of the votes were for cancellation and 61 were against cancellation; that the action of the commissioners' court in permitting such amended returns, and accepting and acting upon them, was wholly null and void; (4) that in fact less than two-thirds of the qualified voters of the district voted for cancellation of the bonds; (5) that the ballots cast in the election were not numbered, nor was there written on them, as required by law, the name of the presiding judge of the election, but, if mistaken in the claim that all the ballots were unnumbered and did not bear the official signature of the presiding judge, there were nevertheless such a number of such ballots without number or the judge's signature that were cast for cancellation that, when deducted from the whole number of ballots cast for cancellation, would leave the result far short of two-thirds of the legal votes in favor of cancellation; (6) that several persons, naming them, who voted in favor of cancellation were not qualified to vote at all, the reasons for such claimed disqualification being stated.

Appellant alleged that, if all the void and illegal ballots, as he claimed them to be, cast in favor of cancellation of the bonds be deducted from the whole number cast, the result would be against cancellation of the bonds, and appellant prayed for judgment accordingly. In the alternative, he prayed that the court decree that it was impossible to determine the true result of the election, and that the order of the commissioners' court, which determined the result in favor of cancellation, be canceled and set aside, and that another election be ordered held.

Appellees answered by a plea in abatement, predicated upon their contention that they were never served in the manner required by law with notice of appellant's contest, and that therefore the trial court had acquired no jurisdiction to proceed with appellant's contest. They then further answered by general demurrer and certain special exceptions, the rulings on which are not before us, and by general denial. By further special answer, they admitted that the commissioners' court had permitted two of the officers who held the election (the

⬦➾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

presiding judge and one of the clerks) to amend the returns as first made, but that this was done in order that the returns might reflect and speak the truth and show the true result of the election, and that this was done before the result of the election had been declared by the commissioners' court, and was done in good faith to correct an innocent mistake that had been made by the officers of the election in making the returns. In this connection they further alleged that the only reason why the other two officers of the election declined to join in making the amended returns was because they were partisans and had been opposed to the cancellation of the bonds, but that they did not deny or question the truth of the returns as amended, but nevertheless had refused, for the reasons stated, to join the other two officers of the election in amending the returns, so that the true result of the election might be reflected; that as a matter of fact 135 legal voters had cast their ballots for cancellation of the bonds, and that only 61 votes were cast against cancellation, and that some of these 61 votes were illegal; that the returns as amended showed the true result of the election and truly reflected the will and action of the voters.

The case was tried without a jury and judgment was adverse to contestant, and he has appealed. Findings of fact and conclusions of law were prepared and filed by the trial court. The findings of fact are as follows:

"(1) The court finds that a petition signed by Jack E. Berry and 164 other persons residing in road district No. 2 of Navarro county, Tex., was presented to the commissioners' court of said county, asking for a special election for the revocation and cancellation of $100,000 road bond issue previously issued in said district. That said court found that said petition was signed by two-thirds of the qualified property tax paying voters of said district. And this court here and now finds that said petition is signed by two-thirds of the qualified property tax paying voters of said district.

"(2) The court finds that an election was ordered by the commissioners' court, based on said petition, in said district, and held on the 26th day of March, 1921, to determine whether said bonds previously issued by said district should be revoked and canceled. That at said election there was cast a total of 196 votes, of which number 135 were in favor of revocation and cancellation and 61 votes against revocation and cancellation.

"(3) That, in making the returns of said special election, the election officers by mistake incorrectly certified that 61 votes had been cast in favor of revocation and cancellation and that 135 votes had been cast against revocation and cancellation, when the true and correct return should have been that 135 votes were cast in favor of cancellation and revocation and that 61 votes were cast against revocation and cancellation. That said election officers discovered said error and mistake before the result had

been canvassed and declared by the commissioners' court, and thereupon J. B. Adkins, presiding judge, and Dalton Pierson, clerk of said election, respectively, corrected said returns so that they would show that 135 votes were cast in favor of revocation and cancellation and 61 votes against revocation and cancellation, all of which was done before the commissioners' court had declared the result of said special election, and that said court declared the result of said election in accordance with the corrected returns showing the result set forth in said section 2 of this finding. That John Ballentine, associate judge of said special election, and J. W. Ryan, clerk, refused and failed to sign said corrected returns. That said corrected returns show the true result of said election, as the ballots were really cast and actually counted.

"(4) The court finds that contestant, within 30 days of the time that the result was declared, filed his contest in the district court of Navarro county, and, on the said day that said contest was filed, had contestees served with a citation, notice of contest of election, and a copy of the grounds of the contest, all three papers being attached to each other and pinned together, and were served on the contestees by the sheriff of Navarro county, Tex.

"(5) The court finds that there was cast at said special election in favor of revocation and cancellation 8 illegal votes, hereinafter set out; said persons not being qualified voters by reason of not having resided in said road district No. 2 for six months previous to the day of election, the names of said persons so voting being as follows: M. M. Swink, C. O. Hawkins, J. I. Jaroe, J. L. McGary, Jack E. Berry, J. A. Berry, Jr., R. L. Hodges, J. H. Whitner.

"(6) The court finds that there were cast against revocation and cancellation 2 illegal votes, as follows: D. A. McCloud, who had not resided in said road district No. 2 six months previous to the election, and O. E. Wells, who had paid his poll tax through another, but no receipt had ever been issued to him.

"(7) The court finds that, after deducting the illegal votes above set forth, there was cast for revocation and cancellation 127 votes and against revocation and cancellation 59 votes.

"(8) The court finds that at said election 25 of the ballots cast were not numbered and bore no number at all, and is unable to determine whether any of the other or remaining ballots were unnumbered or not; said ballots having been destroyed pending this litigation, and the court for that reason being unable to inspect them. The court further finds that it is unable to determine whether said 25 ballots not numbered were cast in favor of revocation and cancellation or against revocation and cancellation, or in what proportion they were so cast.

"(9) The court finds that all of the ballots cast at said special election bore the signature of the presiding judge, J. B. Adkins, which were signed by him."

The conclusions of law were as follows:

"The court concludes that a qualified voter, as defined in R. S. 637h, is any person who has paid his poll tax as required by law, and is a property tax payer in said district, and has re-

sided therein for six months previous to the day of election; that by the term 'property tax payer' is meant any person who owns property that is subject to taxation, whether the same has been rendered for taxes or the taxes paid thereon or not.

"(2) The court concludes that the service of a citation by the sheriff, to which is attached a copy of the notice of contest, upon the contestees, within the time required by law, is sufficient notice of said contest to give the district court jurisdiction.

"(3) The court concludes that said special election affecting road bonds and road tax matters is special in its nature and is not governed by the provisions of the general election law of Texas, as set forth in R. S. arts. 3005, 3011, and 3012, requiring ballots to be numbered, and requiring the election officers to disregard and not count any unnumbered ballots; that the general election law of Texas specially exempts and does not repeal special laws providing for special elections; and, the Legislature having by statute provided for holding special elections for voting road bonds or for revocation and cancellation of road bonds theretofore voted, that said special laws govern and control the manner of holding said elections to the exclusion of the general election law.

"(4) The court further concludes that said election held in road district No. 2 of Navarro county, Tex., on the 26th day of March, 1921, should be and is in all things sustained, and the result of same is here found, concluded, and declared to be that 127 votes were cast in favor of revocation and cancellation and 59 votes were cast against revocation and cancellation. * * * "

[1] It is appellant's first contention here that the trial court erroneously refused to allow him to show by evidence that less than two-thirds of the qualified property tax paying voters of road district No. 2 signed the petition for the election here contested. Appellant, under this contention, nowhere in his briefs sets out any bill of exception taken to the action of the court in this connection, nor does he refer anywhere in his brief to any portion of the record where such bill of exception can be found. In discussing his contention, by way of argument, he refers to the statement of facts at page 101, but the matter there referred to has no connection with this assignment. Under the rules for briefing causes in this court, appellant should have set out the bill of exception saved to the action of the court here complained of, or, at least, should have made such specific statement and reference to the record as would readily enable this court to verify his contention in this connection by reference to the record. This appellant has not done, and his contention in this connection showing no error, it is overruled.

[2] Appellant also contends that the trial court was in error in finding as a fact that there was cast a total of 196 votes in the election in question, of which number 135 votes were cast in favor of cancellation and revocation and only 61 votes were cast against revocation and cancellation; appellant contending that the evidence showed that less than two-thirds of the property tax paying voters whose votes were properly counted in said election voted for revocation and cancellation. Nowhere in appellant's brief, either by way of a statement under this assignment, or anywhere in argument, does he point out the evidence upon which the trial court's finding on this point was based, nor does he attempt anywhere in his brief, by any proper statement, to show the insufficiency of the evidence to warrant this fact finding by the trial judge. We therefore assume and conclude that the trial court's finding on this issue of fact is supported by the evidence in the record, and the assignment is overruled.

Appellant also contends that the trial court was in error in concluding that the action of the commissioners' court in permitting two of the officers of the election to amend the original returns by showing that in truth and in fact 135 votes were cast for cancellation of the bonds and that only 61 were cast against cancellation was without authority and void. It is appellant's contention in this connection that after the officers holding the election had once made up and signed the returns of the election they had no authority, either without or with the permission of the commissioners' court, to correct said returns by showing a result different from that shown by the original returns, and that the action of the commissioners' court in granting such permission and in accepting and acting upon such amended returns was wholly null and void, and that the trial court should have so held.

[3] In this connection it might be well to here state that it is not contended by appellant that there was any fraud or bad faith on the part of the two officers of the election who undertook to correct the returns as aforesaid, and it is not contended by appellant that there was any fraud or bad faith on the part of the commissioners' court or anybody in connection with this matter, nor is it contended that the amended returns do not speak the truth as to the ballots cast in the election; but they make the broad contention that the commissioners' court had no authority to act upon the returns as thus amended by two of the officers of the election, and no authority is cited in support of appellant's contention. The trial court found as a fact, and that finding is not challenged, that the error in making the original returns was discovered by the officers of election before the result had been declared by the commissioners' court, and this fact was made known to the commissioners' court, and aided by the talley sheets, etc., the commissioners' court permitted the presiding judge of the election

and one of the clerks to amend and correct the original returns by showing the true result of the election. It is true the ballots themselves were not before the commissioners' court, but had been destroyed by one of the courthouse janitors by mistake, and it is not claimed by appellant that these ballots had been purposely or fraudulently destroyed. The whole contention is that the returns as first made, although incorrect and untrue, could not be corrected so as to show and reflect the truth, and thereby carry out the will of the voters in the election. We are of the opinion that the contention is not sound, and since no authority is cited to the contrary of our view on this point, we overrule the assignment.

Appellant's main contention in this case is raised by what is denominated his twelfth assignment of error. By that assignment he contends that the trial court erred in his conclusion of law to the effect that the election in question was only a special election, affecting road bonds and road tax matters, and that such election is not governed by the provisions of the general election law of this state, which requires that all ballots should be numbered; it being appellant's contention that the law under which the election in question was held imperatively required that all ballots used in the election should be numbered, and any ballot not numbered when cast could not be counted either way.

The trial court, as we have above shown, expressly found that 25 of the ballots cast in this election were unnumbered, and the court was unable to determine whether any of the ballots were numbered. If, however, the 25 unnumbered ballots were cast for cancellation of the bonds, and if such ballots were illegal and could not be counted because not numbered, then appellant's contention here would be correct, and the trial court should have held that two-thirds of the property tax paying voters of road district No. 2 did not vote for cancellation of the bonds. Whether the unnumbered ballots in this election were illegal and could not be counted depends upon whether the election for the cancellation of these road bonds was, in contemplation of law, a general election or only a special election. If the election was of the former character, then, unquestionably, under articles 3005 and 3012, such ballots bearing no number were illegal and null and void, and the court could not count them in determining the result of the election. If, on the other hand, the election was only a special election in contemplation of law, it was immaterial whether any of the ballots were numbered or bore the signature of the presiding judge of the election.

In the case of Wallis v. Williams, 101 Tex. 395, 108 S. W. 153; the Supreme Court of this state, speaking through Judge Gaines, decided that an election held for the purpose of determining whether the county seat of Chambers county should be changed from the town of Wallisville to the town of Anahuac was a special election and not a general election, and that therefore the statutory provisions with reference to general elections requiring ballots to bear the official signature of the presiding judge of the election did not apply, and concluded in that case that ballots cast in that election, although not bearing the signature of the presiding judge, as required by articles 3005–3012, Revised Statutes, were not illegal and should be counted. The decision is based squarely upon the point that an election for the removal of a county seat is only a special election, and Judge Gaines said that in all such elections, such as local option and road tax elections, the statutory requirement that ballots must bear the signature of the presiding judge in order to be counted had no application, because such statutory provision pertained only to general elections.

[4] If the election for the removal of a county seat is only a special election, then we are unable to escape the conclusion that an election held in a road district for the purpose of determining whether bonds theretofore voted should be canceled is nothing more than a special election, and that it is immaterial whether the ballots cast at such election were numbered or not.

The Supreme Court of this state also held in Walker v. Mobley, 101 Tex. 28, 103 S. W. 490, that a local option election is not a general election, and that the general election law with reference to the official ballot required to be used in such elections, etc., had no application to a local option election. These decisions, being by the Supreme Court of this state, are binding upon all Courts of Civil Appeals, and it is our conclusion that they are decisive of appellant's contention under this assignment. We have not failed to read such cases as Arnold v. Anderson, 41 Tex. Civ. App. 508, 93 S. W. 692, and Brigance v. Horlock, 44 Tex. Civ. App. 277, 97 S. W. 1060, the opinions in which were rendered by two different Courts of Civil Appeals in this state, and the holdings in which support appellant's contention under this assignment. It is clear, however, that the holdings in these two cases are overruled by Walker v. Mobley, supra, and it was so remarked by Judge Stevens, speaking for the Court of Civil Appeals, in Durham v. Rogers, 48 Tex. Civ. App. 232, 106 S. W. 906. A number of such authorities are cited by appellant in connection with this assignment, but they are opinions by our several Courts of Civil Appeals, and in so far as they are in conflict with the Supreme Court authorities cited, they can avail appellant nothing on this point.

The able and energetic counsel for appellant

in this case have evidently not been unmindful of the obstacle confronting them by reason of the Supreme Court's holding in Wallis v. Williams and Walker v. Mobley, and they have written a very interesting brief on this point, and have shown great research of the legislative history of the state pertaining to elections, and if we had the time and space at our command, we would be glad to let this opinion reflect the forceful argument made by counsel under this assignment. So far as controlling our disposition of the case, however, is concerned, it could avail nothing, because, as we have just stated, this court is absolutely bound by the holding of our Supreme Court on the legal point, as we conceive it to be here, under consideration. The assignment is overruled.

[5] Another contention made by appellant is that the result of the election, as declared by the commissioners' court, was wholly null and void, for the reason that the order for the election by that court and the posted notices of the election described the bonds to be affected by the election as 40-year bonds, whereas, in fact, they were 30-year bonds, as shown by the evidence, as he contends. In answer to this contention, we say, first, that no evidence is pointed out in the brief showing that these bonds were 30-year bonds, and we have not gone to the statement of facts to ascertain what ought to have been set forth in the brief, or, at least, the brief should have disclosed at what point in the statement of facts such evidence appears. If, however, the bonds were, in fact, 30-year bonds, and the election was ordered and the notices upon the order described the bonds as 40-year bonds, still we would be of the opinion that such misdescription could not have the effect to render void the election held in this case. It is not contended that road district No. 2 of Navarro county had ever issued any bonds other than the $100,000 issue, to cancel which the election was had. There is nothing to indicate that any voter could have been in the least misled as to the character of the bonds he was voting upon. We overrule appellant's contention on this point without further discussion.

This disposes of the substance of appellant's contentions in this court, and believing that none of them point out reversible error, they are all overruled.

[6] We think there is no merit in the cross-assignment filed by the appellees, attacking the trial court's action in overruling their plea in abatement. The trial court found as a fact, which we approve, that a written notice of the grounds of contest was handed to appellees by the sheriff at the time he served the citation in this case, which was less than 30 days after the result of the election had been declared. This was a substantial compliance with the statute, notwithstanding the fact that the suit had already been filed.

It has been ordered that the judgment be affirmed, and it will be so entered.