## MOORE et al. v. PITTMAN et al.
### (No. 1838.)

(Court of Civil Appeals of Texas. El Paso. Jan. 28, 1926. Rehearing Denied Feb. 18, 1926.)

1. **Elections** ⬅289—**For contestant of election to prevail, he must allege and prove irregularities in election, rendering true result impossible or improbable of ascertainment that sufficient number of qualified voters were denied privilege of voting to have changed result, or that contestant received majority of legal votes cast, and that, on account of illegal votes for opposing party or proposition, announced result was erroneous.**

For contestant of election to prevail, he must allege and prove there were such irregularities in holding of election as rendered true result impossible or improbable of ascertainment, that sufficient number of qualified voters were denied privilege of voting to have changed result, or that he received a majority of legal votes cast and that on account of illegal votes cast for opposing party or proposition, announced result was erroneous.

2. **Elections** ⬅229 — **Where contestant of election shows that he received majority of legal votes cast, but because of illegal votes for opposing party or proposition announced result was erroneous, court may award election to contestant.**

Where contestant of election alleges and proves that he received a majority of legal votes cast, and that, on account of illegal votes cast for opposing party or proposition, announced result was erroneous, court may deduct illegal votes and award election to contestant.

3. **Counties** ⬅35(1).

Rev. St. 1925, art. 1598, prescribing form of ballot to be used in county seat elections,

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

supersedes Terrell Election Law requirements in elections of such character.

**4. Counties ⬤⟹35(1).**

Absence of either number or signature of judge on ballot, in election to remove county seat, does not affect its validity; Rev. St. 1925, art. 3018, being inapplicable to such election.

**5. Counties ⬤⟹35(3)—Complaint, alleging that judges attempted to influence voters by suggesting how they should vote, and that other persons were overzealous in influencing persons to vote, held insufficient to charge condition vitiating election to remove county seat.**

Complaint, in contest of election to remove county seat, alleging that judges attempted to influence voters by suggesting how they should vote, and that other persons were overzealous in influencing persons to vote, whether they were qualified to vote or not, *held* insufficient to charge condition vitiating election; there being no allegation that voters were improperly influenced thereby.

**6. Elections ⬤⟹285(4)—Charges upon which court is justified in holding election invalid must be specific and conclusively show that election was so conducted that will of people was abrogated.**

Allegations in complaint of one contesting election to justify holding election invalid must be specific and conclusively show that election was so conducted that will of the people was abrogated thereby.

**7. Counties ⬤⟹35(2).**

Complaint in contest of election removing county seat, alleging that 386 votes were cast at election, of which 102 were alleged to be illegal, thus leaving 284 votes of which old county seat received 94 and new one 190, *held* insufficient to show that election was void or that old county seat received more than one-third of legal votes cast, which was essential.

Appeal from District Court, Reagan County; C. R. Sutton, Judge.

Election contest between W. B. Moore and others and W. W. Pittman and others. From an order sustaining the general demurrer and special exceptions, contestants appeal. Affirmed.

Morrison & Morrison, of Big Spring, and Collins & Jackson, of San Angelo, for appellants.

E. F. Vanderbilt, of Big Lake, and Hill, Neill & Hill, of San Angelo, for appellees.

PELPHREY, C. J. This is an appeal from an order of the district court of Reagan county, Tex., sustaining a general demurrer and special exceptions to an amended complaint of appellants in a contest of an election held in Reagan county on the 23d day of May, 1925, to remove the county seat of Reagan county from Stiles to Big Lake.

A canvass of the vote by the commissioners' court showed the vote to have been 386 for Big Lake and 94 for Stiles, who thereupon declared the county seat to be removed to Big Lake. The appellants filed contest, which was later amended.

That a better understanding of the issues may be had, the amended contest will be embodied in this opinion.

"Amended Contest.

"In District Court, Reagan County, Texas— October term, 1925.

"W. B. Moore et al. v. W. W. Pittman et al.

No. 106.

"To the Honorable Judge of Said Court: W. B. Moore, Travis Moore, Ben Pettit, Hal Numa, Frank Ingram, O. F. Boyd, Joe Moore, Tom Sowell, and Will McIntosh, all residents of Reagan county, Tex., contestants, now, in vacation, send their original petition filed 1st day of June, 1925, omitting, now, name of Duwain E. Hughes, herefrom, for the reason that he is not a resident of Reagan county, and still complaining of contestee W. W. Pittman, made party for the reason that he is county judge of Reagan county, and having presided over proceedings of commissioners' court when body canvassed result of election hereinafter referred to and declared result thereof, and for the reason that there was no county attorney for said county when original petition was drafted, and now, also complaining of J. A. Moore, who, contestants are informed, has qualified as, and is now, county attorney of said county, for cause of action, by way of amendment says:

"1. Election, prior thereto duly ordered was, on 23d of May, 1925, held in the various voting precincts of Reagan county to determine whether or not the county seat, prior thereto located at, and then at, Stiles, should be moved to the town of Big Lake in said county, and returns thereof were canvassed by commissioners' court of said county, 25th, May, 1925.

"2. Returns from four voting precincts in Reagan county, there being only four, to wit, Stiles, Merchant's Ranch, Reaganview, and Big Lake, indicated that 46 votes had been polled at Stiles, 42 of which had been cast for Stiles and 4 for Big Lake; that 16 votes had been polled at Merchant's Ranch, all for Stiles; that 11 votes had been polled at Reaganview, 9 of which had been cast for Stiles, and 2 for Big Lake; and 313 votes had been polled at Big Lake, 286 of which had been cast for Big Lake and 27 for Stiles. Big Lake is located more than 5 miles from geographic center of Reagan county, and contestee declared the result to be in favor of Big Lake.

"3. They show further that the result of said election as declared by the commissioners' court was incorrect, for the reason that divers persons cast their votes therein who were not legal voters in said county, and were not entitled to vote in said election, and further in this relation they show that a large number of the votes, the exact number not being known to the contestants, were counted by the judges of the election without being numbered in accordance with the statutes, relative thereto, and in direct violation of the law which does not permit the count of ballots not so properly numbered.

---

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"4. They show further that, in violation of the law, the judges of the election held in Big Lake attempted to improperly influence voters thereat, in that they suggested the way and manner in which they should vote, without request being made for assistance, and in the absence of any necessity therefor. And in this connection they show to the court that there were a sufficient number of illegal votes cast to change the result of the election, having been informed and verily believing they charge on information and belief that more than 110 votes were cast for Big Lake in the contest by parties not entitled to vote, and that more than 110 votes were counted by the election judges for Big Lake which they were not authorized to count, either by reason of lack of authority to vote in the persons who cast the ballot or failure of the election judges to properly receive, number, and count the ballots.

"5. Contestants aver that result of said election as declared was not a correct result, divers persons unknown to contestants, desirous to win election for Big Lake were overzealous in influencing and inducing persons to go to that voting place and purposing to have them cast votes there, regardless of whether they were legal voters or not, and the manager of election in the precinct did not guard the polls against illegal voting, allowing many to cast their ballots who were not legal voters. Contestants are informed, believe it is true, and on information and belief aver it is true: That the following named persons who were allowed to cast ballots at Big Lake voting box, to wit: George Green, W. J. West, Joe Wood, S. A. Hunt, Sam Harrison, E. D. Hendershot, Mrs. John Douglass, F. C. Keyes, Tonnie Thorp, W. H. McConagle, Mrs. W. H. McConagle, Dee Sanders, A. Q. Johnson, Susie Howard, J. H. C. Howard, Mrs. C. L. Bettylion, M. D. Banghman, L. F. Mullins, J. M. Watham, J. H. Moore, Mrs. J. H. Moore, Mrs. E. E. Miller, V. G. Hill, E. E. Miller, Mrs. P. D. Kinney, Mrs. C. C. Richardson, C. E. Richardson, John Douglass, Mrs. G. B. Miller, B. F. Murrell—and who did vote at said voting box were not legal voters, not being residents of Reagan county for a period of 6 months within the year next preceding said election. That the following named persons were allowed to cast ballots at said voting box and did vote thereat, to wit: Mrs. M. H. Liming, Mrs. Joe Conger, G. M. Brown, H. P. Benson, Mrs. Dalla Fuller, Roy Hargis, Wood Hargis, J. C. Hargis, W. N. Adams, Miss Daisy Adams, B. Faryan, J. H. Wilson, Miss Willie Wilson, M. D. Wilson, J. J. Allen, C. C. Smith, Mrs. C. C. Smith, Tom Ragsdale, Earl E. Morgan, Mrs. F. B. Kirkland, W. J. Barker, Mrs. Tommie Weatherby, H. W. Metyger, Mrs. E. G. Cutbirth, Mrs. J. C. Brooks, E. T. Patterson, A. T. Thomas, J. W. Jackson, J. R. Harris, Horace Kees, H. F. Dorse, J. M. Harris, Mrs. J. W. Jackson, A. Y. Old, Mrs. A. Y. Old, W. M. Ferguson, Zona Johnson, Grace Rhea, Marshall Queen, J. P. Kitrel, J. P. Ledger, D. Lockland, Elmo Lockland, J. H. Burger, S. U. Wright, D. S. Hitt, Jr., T. D. Wilson, Mrs. George Dodge, Mrs. A. Y. Old, Ed Kuykendall, Mrs. Clint Pigkard, Mrs. W. P. Edmondson, W. C. Edmondson, O. K. Goodrum, Mrs. Ira Glasscock, Mrs. Dorris La Roe, R. B. Ferguson, C. C. Branch, Mandie Taylor, Mrs. Ray Hargis, Mrs.

John Hargis, C. H. Nafyiger, Evelyne M. Brown, H. O. Long, A. E. Green, Merle Thurman, Frank Parr, W. R. Kirkland, and Mrs. M. Blands. That each and all of them were illegal voters. If they were entitled to vote at all, which contestants do not admit but deny, they were not entitled to vote without first having paid poll taxes for the year 1924, and none of them had paid such poll taxes. Manager of election at said box received ballots of Tom Boyles, Mrs. L. McKinney, and Mrs. W. E. McDermett from hands of others than said persons, none of said persons having complied with law authorizing absentee voting, and none of them entitled to employ that method of casting ballot, and contestants charge that all said ballots in the three lists above set forth were cast for Big Lake, but challenge them for illegality, and say they should be eliminated from count.

"6. In conclusion they show that, because of the illegal voting as aforesaid, and the fact that more than 125 illegal votes were cast and counted for Big Lake, that Stiles should have been declared the winner of the county seat election and Big Lake the loser, and the county seat should have been left at Stiles, and they also show that, because the way and manner in which the election was conducted at Big Lake and the manner in which the votes were proffered and received and numbered without question as to the qualification of the persons offering to vote, said election was wholly irregular, illegal, and it was impossible to ascertain the true result thereof.

"Wherefore they pray that the contestees be cited to appear and answer herein, that upon final hearing all ballots found to have been improperly cast and counted for Big Lake be thrown out, that the election be declared void, and that proper order be made fixing the county seat at Stiles, or if, in the judgment of the court, another election be proper, that proper order be made therefor, and they pray further for costs and general relief.

"[Signed] Collins & Jackson,
"[Signed] Morrison & Morrison,
　　"Attorneys for Contestants."

### Opinion.

Appellants claim the court erred in sustaining the general demurrer to their complaint, and insist that the complaint was sufficient to show that enough illegal votes were cast and counted for Big Lake to change the result of the election, and that the matters set out in the complaint, if true, constituted a cause of action, and entitled the contestants to have the election set aside.

[1, 2] We understand the law to be that, in a contest of an election, the contestant must allege and prove, either: (1) That there were such irregularities in the holding of the election as rendered the true result of the same impossible or improbable of ascertainment, or that a sufficient number of qualified voters were denied the privilege of voting to have changed the result, had they been allowed to vote, thereby, in either case, showing the election to be void; or (2) that he must allege and prove that he received a majority of the legal votes cast, and that, on

account of the casting and counting of illegal votes for the opposite party or proposition, the announced result was erroneous, in which case the court trying the contest would be authorized to deduct the illegal votes from the total of the person or proposition receiving them and award the election to contestant.

Contestants' allegations, in substance, are as follows: (1) That there was a sufficient number of illegal votes cast for Big Lake to have changed the result; (2) that the judges of election counted ballots which had not been properly numbered; (3) that the judges of the election attempted to improperly influence the voters by suggesting the way and manner in which they should vote; (4) that certain persons were overzealous in influencing persons to go to the voting places, with the purpose of having them cast their ballots, regardless of whether they were legal voters or not; (5) that said election was wholly irregular, illegal, and it was impossible to properly ascertain the result thereof, because more than 125 illegal votes were cast and counted, and on account of the manner in which the votes were proffered and received and numbered without question as to the qualification of the person offering to vote.

The allegations as to illegal votes being cast for Big Lake, under our understanding of the law, should not be taken into account in our consideration of the allegations relative to the invalidity of the election, but rather when we come to a consideration of the allegations as to Stiles receiving a majority of the legal votes cast.

We then find ourselves confronted with the question of whether or not the allegation that the judges counted unnumbered ballots, that the judges attempted to improperly influence the voters by suggestions as to how they should vote, and that persons had been overzealous in influencing persons to go to voting place and vote whether they were qualified voters or not, are sufficient to show a void election.

If contestants are correct in their contention that unnumbered votes should not have been counted, then we might have such a case as would justify a court in holding the election invalid, and especially would this be true if there were enough of them to change the result of the election.

Contestants in their brief cite article 3018, Revised Civil Statutes 1925, and contend that the election officers at Big Lake failed to comply with its requirements. It has repeatedly been held that votes not having the signature of the judge on them should not be counted; but those decisions relate to elections for county officers and not to special elections such as we have here.

[3, 4] Article 1598, Revised Statutes 1925, prescribes a form of ballot to be used in county seat elections, and thereby does away with the Terrell Election Law (Laws 1905, p. 529) requirements in elections of this character (Wallis et al. v. Williams et al., 108 S. W. 153, 101 Tex. 395; Walker v. Mobley, 103 S. W. 490, 101 Tex. 28; Durham v. Rogers, 106 S. W. 906, 48 Tex. Civ. App. 232), and, following the above decisions, we hold that the absence of either a number or the signature of the judge on the ballot in an election to remove a county seat does not affect their validity, and that in the present case the action of the judges in counting such ballots gave contestants no grounds for contest.

[5] We also are of the opinion that the allegations that the judges attempted to influence voters by suggesting how they should vote, and that other persons were overzealous in influencing persons to go to the polls to vote, whether they were qualified to vote or not, are insufficient to show such a condition existed at the election as would render the true result impossible or improbable of ascertainment; there being no allegation that in either case voters were improperly influenced thereby, and in the first instance contestants themselves by their allegations only charge that the officers attempted to influence the voters.

[6] It is our opinion that charges upon which a court would be justified in holding an election invalid should be more specific than those under consideration, and should conclusively show that the election was so conducted that the will of the people was abrogated thereby.

We then come to consider the allegations as to illegal votes being cast for Big Lake. While it is true that contestants claim that more than 110 illegal votes were cast for Big Lake, which, if true, would have changed the result of the election, yet an inspection of the whole complaint shows that contestants were including in that number the unnumbered ballots which they claim were illegal.

[7] We find that, when they attempt to particularize as to the illegal ballots, they charge that 30 ballots were cast by persons who had not resided in Reagan county the required 6 months, that 69 ballots were cast by persons who had not paid their poll taxes, and that 3 ballots were cast by persons other than the persons themselves, making a total of 102 votes which they contend were cast illegally. Contestants by their own pleading show that there were 386 votes cast at the election, 102 of which they allege to be illegal, leaving a total of 284 votes. Of this number Stiles received 94, leaving Big Lake a total of 190 votes, being one-third of a vote more than two-thirds of the legal votes cast. Therefore the allegations as to illegal votes were not sufficient to show that Stiles received more than one-third of the legal votes cast, which contestants had the burden of showing before they would be entitled to have Stiles declared the winner in the election.

Being of the opinion that the complaint was insufficient to show either that the election was void or that Stiles received more than one-third of the legal votes cast, we hold that the trial court was not in error in sustaining the general demurrer and exceptions to the complaint.

Affirmed.